CHARLIE ARMSTRONG v. THE STATE.

No. 3302.     Decided May 9, 1906.

**1.—Murder in Second Degree—Weapon Used.**

Where upon a conviction of murder in the second degree the record showed upon appeal that the death of the deceased was caused by defendant by stabbing him with a knife, and showing the wounds which the knife had inflicted; there was nothing in the point raised by defendant that the evidence was insufficient to show that defendant killed deceased by means of the knife.

**2.—Same—Charge of Court—Threats During Difficulty.**

Upon appeal from a conviction for murder in the second degree where the record showed that if any threats were in fact made by deceased they were made during the difficulty, it was not necessary to charge the law of threats.

**3.—Same—Charge of Court—Manslaughter.**

Where upon trial for murder the evidence showed that if there was any previous assault by deceased it was by means of throwing a beer glass at appellant; and that the court charged on this phase of the case, there was nothing in the objection that the charge on manslaughter was too restrictive.

**4.—Same—Cooling Time—Continuous Difficulty.**

Where upon trial for murder the evidence showed that the acts were so near together that the difficulty was a continuous one from its inception to its close, and that there was no interregnum of sufficient importance to raise the question of cooling time, there was no error in omitting to charge on this issue.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Noah Allen,* for appellant, on motion for rehearing.

*J. E. Yantis,* Assistant Attorney-General; *W. C. Oliver,* District Attorney, Harris County, and *E. T. Branch,* for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree. It is contended in motion for new trial that the State failed to prove appellant died from the effects of the knife wound. This is not borne out by the record. One of the witnesses testified that Will Horrey is dead; the cause of his death was that Charlie Armstrong stabbed him with a knife. Another witness testified that appellant stabbed deceased in the breast with a knife. Speaking of the defendant, she said, "Charlie killed him." The evidence is clear and unequivocal that during the difficulty appellant did stab deceased, and that he died, and an inquest was held over his body by the justice of the peace. And the wounds were described: one being in the breast and the justice testified he thought the knife entered the heart; and the other was in the arm. This was sufficient evidence to prove the fact that appellant killed deceased. Goodman v. State, 15 Texas Ct. Rep., 254. No witness undertook to describe the knife. The point is made on the insufficiency of the evidence to show its deadly character; but the point is not made that the charge should have been given in reference to the question—that is, if the weapon was not a deadly one, it would not be ordinarily presumed death was intended, etc. The question here is one of evidence and not one in regard to the charge of the court. We think it is sufficient to show that he killed deceased by means of the knife.

Nor was there any error in the court's failure to charge the law of threats. If any threat was in fact made by deceased, it was made during the difficulty. There were no antecedent threats. The parties were friendly up to the time of the difficulty. It is not necessary under this character of case that a charge be given on the subject of threats. Hancock v. State, 11 Texas Ct. Rep., 607; Tompson v. State, 15 Texas Ct. Rep., 436.

It is contended that the charge on manslaughter is too restrictive, in that it confined the jury to the consideration of the provocation to the

acts of deceased at the time of the difficulty, and that it excluded from their consideration any previous assault. If there was any previous asasult by deceased, it was by means of throwing a beer glass at appellant, in which he claimed that deceased by this means broke one of his fingers and produced a cut on his neck. The court charged directly in regard to the blow inflicted by the glass, in submitting the issue of manslaughter; and informed the jury that if said blow caused either pain or bloodshed, it would be adequate cause. He also charged, in the application of the law to the facts, directly in regard to the blow from the glass.

The charge is also criticised because it did not submit the issue of cooling time. We do not believe this question was in the case. The acts were so near together that the difficulty was a continuous one from its inception to its close. As we view the facts, there was no interregnum of sufficient importance to raise the question of cooling time. The court charged the jury, as we understand the charge, that they should look at it from defendant's standpoint, and if his mind was excited so as to render it incapable of cool reflection at the time of the difficulty, they would convict him of manslaughter. And he further informed the jury that, in judging defendant and as things appeared to him, the jury should do so from his standpoint, and as they reasonably appeared to him, and they were instructed to take into consideration all the facts and circumstances in evidence and the conduct of deceased towards him. Taking the charge as a whole we do not believe there was any reversible error.

The evidence for State justified the verdict of the jury in finding appellant guilty of murder in the second degree.

The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]