### K. T. JONES v. THE STATE.

No. 3286. Decided June 20, 1906.

**1.—Disturbing Peace—Private Residence—Deadly Weapon.**

In a prosecution under article 334, Penal Code, the indictment should allege that the gun displayed near a private house was a deadly weapon.

**2.—Same—Act Must be Calculated to Disturb.**

Upon a trial for disturbing the peace by going near a private residence and cursing, etc., the court should have charged that if defendant did so in a manner calculated to disturb the inhabitants thereof, to convict.

**3.—Same—Indictment—Proof—Variance.**

Upon a trial for disturbing the peace where the indictment alleged the private residence was that of Sam McReynolds, and the evidence showed that it was the residence of S. C. McReynolds there was no variance.

Appeal from the County Court of Rockwall. Tried below before the Hon. J. H. Chisholm.

Appeal from a conviction of disturbing the peace; penalty, a fine of $5.

The opinion states the case.

*T. B. Ridgell* and *H. M. Wade,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of disturbing the peace, and his punishment assessed at a fine of $5. Inasmuch as the case turns upon questions involved in the indictment, we quote therefrom, as follows: "That K. T. Jones, about the 4th day of June, 1905, in the county of Rockwall, did then and there unlawfully go into

and near the private house of Sam McReynolds, there situated, and did then and there unlawfully and wilfully, use loud and vociferous language and swear and curse, and rudely display a gun, in a manner calculated to disturb the inhabitants of said private house, against the peace and dignity of the State." Appellant made a motion to quash the indictment on the ground that the gun was not alleged to be a deadly weapon. We believe this motion should have been sustained. At least, the court should have refused to authorize a conviction on testimony with reference to the gun. Article 334, Penal Code, provides: "If any person shall go into or near any public place, or into or near any private house, and shall use loud and vociferous or obscene, vulgar or indecent language, or swear or curse, or yell and shriek, or expose his person, or rudely display any pistol or other deadly weapon, in a manner calculated to disturb the inhabitants of such public place or private house, he shall be fined, etc." It would appear that to rudely display a pistol or other deadly weapon is made an offense; that is, a pistol must be alleged to be a deadly weapon, and any weapon which is rudely displayed in a manner calculated to disturb the inhabitants of a private house, must be a deadly weapon. There is no allegation in the indictment that said gun was a deadly weapon; consequently a conviction predicated upon this part of the indictment could not be sustained. We understand the court in submitting the case to the jury, authorized them to convict appellant for rudely displaying a gun. There is no allegation that the gun was a deadly weapon, and there is no proof that it was—the evidence in fact showed the contrary.

We also believe that the court should have instructed the jury as requested by appellant, to the effect that the jury must believe before they could convict appellant that he not only cursed and swore near the alleged private residence, but he did so in a manner calculated to disturb the inhabitants thereof. The charge of the court did not contain this feature, and authorized the jury to convict regardless of whether the cursing and swearing was in a manner calculated to disturb the inhabitants of said house.

We do not believe there is anything in the contention of appellant with reference to the name of the alleged owner of the house. The indictment alleged the private residence was that of Sam McReynolds. The evidence showed that it was the private residence of S. C. McReynolds. There was no variance between the names Sam McReynolds and S. C. McReynolds. The middle initial can be rejected as surplusage, and "S" in the proof would stand for "Sam." This is not like the case of Wolf v. State, 12 Texas Ct. Rep., 1027, referred to by appellant. In that case the allegation in that indictment was, the sale was made to Mike Bowles, and the proof was that the liquor was sold to two parties, one named L. W. Bowles and the other Frank Bowles. Neither was known or called Mike, nor did the first initial in their

name stand for Mike. For the errors heretofore pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.