## Haywood Davis v. The State.

### No. 3892.   Decided November 20, 1907.

**1.—Assault With Intent to Murder—Argument of Counsel—Statement of the Law.**

Where upon trial for assault with intent to murder, the court correctly charged the law of the case, the contention of a juror that he had been misled as to the law by a mistatement of the State's attorney was untenable, and there was no error.

**2.—Same—Words and Phrases.**

Where upon trial for assault with intent to murder, the district attorney in his argument stated that one of defendant's witnesses was a "henchman" of the defendant, and such conclusion could be drawn from the testimony, that is, that the witness was defendant's friend, there was no error.

**3.—Charge of Court—Self-Defense—Apprehension of Danger.**

Where upon trial for assault with intent to murder, the charge of the court, taken as a whole, instructed the jury that they must review all the facts from defendant's standpoint, and that he had a right to act on reasonable apprehension of danger from said standpoint, whether the danger was real or apparent, there was no error, although in another portion of the charge the same was more restrictive.

**4.—Same—Newly Discovered Evidence.**

Where upon motion for new trial, the same showed the absence of diligence in procuring the alleged newly discovered testimony, and that the same, if admitted, a verdict more favorable to defendant would not probably have been reached, and that besides the testimony was immaterial, there was no error in overruling the motion.

**5.—Same—Threats—Charge of Court.**

Where upon a trial for assault to murder, no threats were shown to have been made by deceased, there was no error in failing to charge thereon.

Appeal from the District Court of Leon.   Tried below before the Hon. Gordon Boone.

Appeal from a conviction of an assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. W. Dean,* for appellant.—On question of statement of district attorney as to the law of the case: Odle v. State, 13 Texas Crim. App., 612. On question of argument of State's counsel: Thompson v. State, 43 Texas, 268; Tillery v. State, 24 Texas Crim. App., 251; Kennedy v. State, 19 Texas Crim. App., 618; Bryson v. State, 20 Texas Crim. App., 566.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

Appellant's first bill of exceptions complains of the remarks of the district attorney, which were substantially to this effect: "That under the law unless the alleged injured party Wade Boozier was advancing on the defendant, and unless the said Boozier was trying to shoot the defendant, the defendant could not claim the right of self-defense." Appellant insists that said remarks were a wrong statement of the law and deprived appellant of the right to act upon a reasonable appearance of danger, and he supports this by an affidavit of a juror who was influenced thereby. The charge of the court told the jury they must receive the law from the court. Certainly we would not be warranted in reversing a case because a juror took the misstatement of the law by the district attorney as a predicate for his verdict, when, in the face of the fact, he is sworn to try the case according to law and the testimony and the charge of the court. The court properly charged the law in reference to the matter, and no juror will be heard to contravene the accuracy of his verdict by any such stupid insistence.

Appellant's second bill of exceptions complains of the following remark of the district attorney: "That one Ed Overall, a witness in the case, was a henchman of the defendant." We presume the district attorney meant by this that he was a warm friend of appellant. This was a conclusion that might be drawn from the testimony of the witness, and we could not reverse the case because he used the word henchman instead of friend.

Appellant's third bill of exceptions complains of that portion of the court's charge wherein he tells the jury that reasonable apprehension of death or serious bodily injury will excuse a person from using all necessary force to protect his life and person. Appellant insists that the word "necessary" is too restrictive; however, by reading the whole paragraph, from which this is an excerpt, shows that the criticism is without merit, because the subsequent portions of the same paragraph tell the jury that they must review all the facts from defendant's standpoint; that he had a right to act on reasonable apprehension of danger from said standpoint, whether the danger was real or apparent.

Appellant insists that the court should have granted a new trial on the ground of newly discovered evidence. It appears that there was

some controversy as to whether the injured party had a pistol on the occasion in question. The newly discovered evidence was sought in order to prove by two witnesses that they saw the injured party at the time of the difficulty with a pistol. In the first place there was no semblance of diligence used to secure this testimony; in the second place if it had been secured, a verdict more favorable to appellant would not probably have been reached, and in the third place, it was not material testimony, as far as this appellant was concerned, since there is no evidence in this record showing that the injured party attempted to use any weapon just prior to or during the progress of the difficulty.

Appellant complains that the court erred in failing to charge on threats. There were no threats made as evidenced by this record prior to the difficulty, and hence there is no error in the court failing to so charge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.