### MACK FRANCIS V. THE STATE.

#### No. 3511. Decided April 14, 1915.

**1.—Murder—Self-defense—Charge of Court.**

Where, upon trial of murder, and a conviction of manslaughter, the court submitted a proper charge on self-defense and as favorable to the defendant as the record authorized, there was no reversible error.

**2.—Same—Threats—Charge of Court—Self-defense.**

Where, upon trial of murder, and a conviction of manslaughter, the record on appeal showed that there were no antecedent threats, but the threats, if any, were made during the difficulty which culminated in the fatal shooting, this did not call for a charge on threats, and there was no error in the court's failure to submit a special charge thereon. Following Armstrong v. State, 50 Texas Crim. Rep., 26, and other cases.

Appeal from the District Court of Wharton. Tried below before the Hon. Sam'l J. Styles.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Upon an indictment charging him with murder, appellant was convicted of manslaughter and his punishment assessed at five years confinement in the State penitentiary.

There is no bill of exceptions in the record in regard to the introduction of testimony; no exception was reserved to the charge of the court as given, but an exception was reserved to the failure of the court to give one of the special charges requested by appellant. In addition to his main charge presenting the issue of self-defense, the court gave the following special charge at request of appellant: "In this case you are charged that if you believe from the evidence that defendant, Mack Francis, shot deceased, and you further believe that at the time he fired the first shot deceased had done some act that made defendant believe, viewed from his standpoint at the time, that he, the said Joe Pinkney, was about to attack him and inflict death or serious bodily injury upon him, you are charged that defendant had the right to shoot the said Joe Pinkney and continue to shoot him as long as such danger, or apparent danger, if any, continued; and although you may believe that deceased retreated, defendant had the right to pursue and to continue shooting until such danger, real or apparent, viewed from the standpoint of defendant at the time, from all the facts and surrounding circumstances, had ceased to exist." This was certainly as favorable to defendant as the record authorized, for the facts show that after the first shot, at least, deceased fled, running through a store; that defendant pursued him and shot at deceased just as he entered the store door, and shot at him again as he fled out at the back door, and once more back of the store, where deceased fell and expired.

The special charge refused presented the issue of self-defense from threats, etc. As the record shows there were no antecedent threats, but the threats, if any, were made during the difficulty which culminated in the fatal shooting, this did not call for a charge on threats, and the court did not err in refusing the special charge presenting that issue. Armstrong v. State, 50 Texas Crim. Rep., 26; Hancock v. State, 47 Texas Crim. Rep., 3; Dobbs v. State, 54 Texas Crim. Rep., 550; Davis v. State, 52 Texas Crim. Rep., 149.

The judgment is affirmed.

*Affirmed.*