## J. W. HILLMAN V. THE STATE.

No. 16777.   Delivered May 23, 1934.
Rehearing Denied June 20, 1934.

The opinion states the case.

*W. C. Jackson,* of Fort Stockton, and *Millard Parkhurst,* of McCamey, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 35 years.

George L. Lafferty v. The State, *Opinion No. 16,801, this day decided, is a companion case.

It was charged in the indictment, in substance, that Lewis Hutchison, George L. Lafferty and appellant, with malice aforethought, killed George E. Berry by striking and beating him with a piece of iron. A severance being granted, appellant was alone placed upon trial.

The testimony on the part of the State, was in substance, as follows: Deceased was sitting near his blacksmith shop. Lafferty, Hutchison and appellant walked up behind him, and appellant struck deceased on the head with a piece of iron. Laf-

ferty and Hutchison were also carrying pieces of iron which they had drawn on deceased at the time appellant struck the fatal blow. Deceased was making no demonstration toward the parties at the time they attacked him.

Testifying in his own behalf, appellant denied that he struck deceased, and declared that he had no part in the transaction.

Appellant contends that the evidence is insufficient to show that deceased came to his death as a result of the wound he received. The assault was made on deceased July 28, 1933. Appellant's trial was had October 5, 1933, which was less than three months after the offense had been committed. Testifying upon the trial, deceased's son stated that his father was dead. Relative to finding his father after the assault, the witness testified: "The next time I saw my father that day he was lying on the ground at the shop that day, about five o'clock in the afternoon—I don't know exactly what time it was. He was lying on his back and his feet were about three feet from the front door of his shop. His body was lying south from the shop, lying straight. When I saw him he had been hit in the head and blood was running out of his head when I got there. I tried to get him to say something but he never did say anything. * * * I just saw a gash about two and one-half or three inches long on his head, on the right side of his head above the ear. * * * I could not tell how deep the gash was." Another witness testified: "Someone first came in the front door and said Mr. Berry (deceased) had been killed. That was from five to fifteen minutes after Mr. Hillman left the shop. * * * I did not take out my watch to see how long it was after Mr. Hillman left my shop until I found out that Mr. Berry had been fatally injured, but I can tell you about how long it was." Appellant testified that Pete Hutchison struck deceased and that he (appellant) said to Hutchison "You have killed a man." Appellant testified further: "The man (meaning deceased) was hit an unusually hard lick." The proof on the part of the State showed that appellant struck deceased with a leaf of an automobile spring, and that deceased fell to the ground in an unconscious condition with blood running from the wound in his head. If we could look to the statement of facts in Lafferty v. State, supra, we would find proof in detail that deceased's skull had been crushed by the blow and that he died from the effects of the wound in two or three days. However, we are not permitted to determine the question of the sufficiency of the evidence to show the cause of death by an examination of

the statement of facts in the companion case. Be that as it may, the opinion is expressed that in the absence of any issue having been made on the trial as to the death or cause of death of deceased, the evidence found in the present record is sufficient on the point. Appellant relies on the cases of High v. State, 26 Texas App., 545, 10 S. W., 238, and Lucas v. State, 19 Texas App., 79. We think the holding in the case of Thompson v. State, 42 S. W., 974, in effect overruled the cases upon which appellant relies. In the case of Scott v. State, 47 S. W., 531, this court, in holding the proof of the corpus delicti sufficient, used language as follows: "No question appears to have been made as to this matter on the trial of the cause. No doubt, if the question had been raised during the progress of the trial, and not apparently conceded, the proof would have been full upon this point, but it by no means follows that the proof here exhibited is not complete, establishing to the satisfaction of the jury the fact that the deceased came to his death on account of said wound." See also Vela v. State, 137 S. W. 120.

We are unable to agree with appellant's contention that the proof fails to show that the injury was inflicted with a piece of iron. Appellant bases his contention that there is a variance on the fact that some of the witnesses testified that the instrument used was a piece of steel. Other witnesses refer to it as a piece of iron. In any event, if the instrument had been described merely as a piece of steel we do not think the matter would present a variance, and pretermit further discussion of the question.

There are no bills of exception in the record. The exceptions to the court's charge do not appear to have been signed by the trial judge, and therefore cannot be considered.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—As we understand appellant's motion, he claims that there was not sufficient evidence to show that deceased came to his death as the result of the wound inflicted. In the light of appellant's motion we have again carefully

examined the statement of facts. There seems no controversy over the proposition that appellant, or appellant and others, assaulted deceased, striking him with a piece of iron or steel upon the head. Witnesses said deceased dropped upon the ground. A witness testified that he walked over and looked at deceased, and "Looked at the brains running out of his head." Another witness testified that appellant struck deceased from behind, holding the piece of iron in both hands. This witness also said that when appellant struck deceased, deceased fell forward. A defense witness testified that deceased was hit with a piece of car spring on the head and fell to the ground. Appellant himself testified that he was present at the time of the fatal difficulty, but claims that another man struck deceased, and that he turned to the man who struck the blow and said "You have killed a man." He testified that deceased lay where he fell until the ambulance came and got him. He said he saw the man Hutchison who inflicted the blow with a piece of steel spring in his hand. In another place he called the instrument used a piece of iron. Another witness testified that when he got to deceased after he was struck, the body of deceased was lying on its back, straight out. Deceased had been hit in the head and blood was running out of his head when witness got there. Deceased never did say anything after he was struck. There was a gash two and a half or three inches long on the right side of his head above the ear. Another witness said he saw deceased immediately after the difficulty and he was lying with his head in a puddle of blood on his back. We regret we can not agree with appellant's contention above mentioned. We find no evidence in the record suggesting any doubt or raising any question as to the fact that deceased was killed by the blow on the head with a piece of steel or iron.

The learned trial judge instructed the jury that before they could convict appellant they must believe beyond a reasonable doubt that he did with malice aforethought kill George E. Berry by striking and beating him with a piece of iron, but if they had a reasonable doubt of such fact they should acquit him.

The motion for rehearing will be overruled.

*Overruled.*

*(Reported on page 360 of this volume.)