ARTIE GAGE V. THE STATE.

No. 22571.  Delivered June 23, 1943.
Rehearing Denied October 20, 1943.

The opinion states the case.

*H. J. Bernard,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Atttorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of seven years.

The only question presented for review relates to the sufficiency of the evidence to justify and sustain his conviction.

In order that this opinion may truly reflect the basis for our conclusion on the subject under discussion, we deem it proper to quote some of the pertinent testimony relating to the question presented. The witness, Curtis Hubbard testified: "I live in Bastrop. * * * I knew Edgar Rosell * * * just before he died. Edgar Rosell is dead. Artie killed him; he stabbed him in the back with a Dallas Special—a knife blade. * * * That happened at Rufus Jackson's cafe * * * in the town of Bastrop. * * * It was in the daytime when he killed him, * * * about the middle of the day, * * * about the 16th of May, 1942. * * * At the time he was stabbed, he was trying to put a nickel in the Victrola."

E. D. Bays, a deputy sheriff, testified: "I had occasion to go to Rufus Jackson's cafe on the 16th day of May, 1942, to investigate a killing. I found a man laying on the ground at the back of Rufus' place, cut all to pieces and bleeding. * * * I picked him up and carried him to the hospital. * * * I looked in his pocket-book for papers to find out who he was. * * * The man that was cut was named Edgar Rozell. * * * I then went back down there and inquired who did the cutting; they told me. I arrested Artie Gage. I brought him on up to the court house and locked him up and held him, because I was afraid that man was going to die. I didn't want to file a charge on him until I did know what was going to take place. The man died about three o'clock that afternoon, and then I filed a charge of murder against Artie Gage."

Appellant made a voluntary confession in which he made the following statement pertinent to the questions raised: "About 12:00 o'clock noon, today, I went into Rufus Jackson's place and I saw Edgar Rozell standing by the Victrola. I didn't say anything to him; I just walked up to him and stabbed him 3 or 4 times."

Rufus Jackson, Sr., testified: "I remember along about May of last year Edgar Rozell was killed down at my cafe. I wasn't down there at the time of the killing."

Rufus Jackson, Jr., testified, among other things, as follows: "I was down there at my father's cafe at the time Artie Gage killed that boy (Edgar Rozell) and I was there while the boy was out in the yard."

Does this evidence show that Edgar Rozell is dead? If not, why not? Does it show the cause of his death? If not, why not? He was apparently in good health and in a good humor when he stood near the Victrola and was placing a nickel therein with a view of listening to the sweet sound of music at which time the appellant appeared with an open knife—a Dallas Special—and in the language of the deputy sheriff, "Cut him all to pieces." The deceased went immediately out of the door and fell upon the ground. The deputy sheriff who carried him to the hospital was afraid that he would die as a result of the wounds and therefore did not file any charge against appellant until about three hours later when the injured party had died.

It occurs to us that there can be no question that the wounds inflicted by defendant upon the deceased were fatal and were the immediate and proximate cause of his death. No other reasonable conclusion can be reached from the evidence introduced.

Appellant cites us to the cases of Porter v. State, 215 S. W. 201, 86 Tex. Cr. R. 23; and Baker v. State, 16 S. W. (2d) 248. These two cases are easily distinguishable from the instant case on the facts. In the Porter case, no one found any wounds on the body of the deceased. Of course, Dr. Crain testified that in his opinion she died either from chloroform or strangulation. The body was found about eight or nine days after she was last seen in company with the appellant. The body, with its legs securely tied with a wire, was found in the river, and this court held the evidence sufficient. In the Baker case, supra, appellant was charged with poisoning her husband. The case was affirmed on the original submission, but on motion for rehearing it was reversed because there was not any evidence by any doctor who attended the deceased that a sufficient quantity of poison was administered to produce death. We do not regard the authorities cited as sustaining appellant's contention. In our opinion, the case of Thompson v. State, 38 Tex. Cr. R. 335, is more analogous to the one under consideration, and in that case the evidence was held sufficient to establish the corpus delicti. See also Vela v. State, 62 Tex. Cr. R. 361; Hillman v. State, 126 Tex. Cr. R. 529.

Having reached the conclusion that the evidence is sufficient to show the cause of the death of the deceased and appellant's connection therewith, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case is predicated upon the statement that "It is the appellant's contention that the State failed to prove that the deceased died as a result of the stab wound he received."

He seeks to distinguish this case from those discussed in the original opinion on the ground that the deceased was taken from the place where the wounds were inflicted and died at a hospital, where he was observed by a nurse and a physician. Neither of these was called as a witness and it is argued that the State's failure to call them is to be considered a circumstance against the State which, when considered with all of the other evidence, would require a reversal.

The original opinion quotes the testimony. The State made its proof of the cause of the death sufficient to any reasonable mind when all the surrounding circumstances are considered and it became incumbent upon the party on trial to cast some doubt on the cause of the death, in order to invoke the doctrine suggested. This was not done. Reliance is had chiefly on the case of Buford v. State 17 S. W. (2d) 1072. In that case the stabbing occurred on the 14th of January. The party died in a hospital seven days later. His wife described the wounds and the description indicated very little more than scratches on the body of her husband. From what she said one would hardly have anticipated, at the time, that death would result. Hence the necessity for the available evidence, as set out in the opinion. The two cases are not parallel. No one could reasonably doubt the cause of the death of the party involved in the instant case and it was unnecessary for the State to go further in view of the record presented.

Motion for rehearing is overruled.