Helen Curtis CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 42466.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

James B. Turner, Houston (on appeal) for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernest, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, fifteen (15) years.

Appellant's brief lists the following grounds of error:

■ I. The Court erred in admitting the autopsy report into evidence. The report was presented during the testimony of the witness Archer, who stated that she was the official custodian "at this time." Clearly, such report was admissible under Article 3731a, Vernon's Ann.Civ.St.; Article 49.25, Vernon's Ann.C.C.P., and the holdings of this Court in Viser v. State, Tex.Cr.App., 396 S.W.2d 867; Fite v. State, 158 Tex.Cr. R. 611, 259 S.W.2d 198; and Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950.

II. The jury argument, which she states reflected racial prejudice, was in fact a plea for law enforcement. Her contention is without merit.

■ III. The objection of the State's offer of police reports is without merit for two reasons. First, appellant's counsel first inquired about such reports, and, second, the court sustained appellant's objections to the State's offer.

■ IV. A question propounded to appellant at the punishment stage of the trial about the whereabouts of members of appellant's family was sustained by the court. We perceive no error.

V. She contends that the evidence is insufficient to support the "intent to kill." The evidence is clear that appellant cut the deceased with a knife. The left femoral vein was severed, and deceased died within moments.

The record before us shows that appellant weighed 220 pounds, while the deceased, her common law husband, weighed only 92 pounds. It further shows that she had on prior occasions cut him, causing him to be hospitalized, had often threatened to kill him, and to cut off his private parts.

Under these statements from the record, the jury was authorized to find the intent necessary under the law, Armstrong v. State, 50 Tex.Cr.R. 26, 96 S.W. 15.

VI. Appellant complains of three different questions [1] and one portion of the argument. No objection was made to the argument, and the other grounds of error sought to be so raised do not comply with the terms of Article 40.09, Section 9, V.A. C.C.P.

VII. She contends that a variance exists between the indictment which charged that appellant killed "James Joseph," and the proof which shows the person killed to be known as "J. C. Joseph." In Jones v. State, 50 Tex.Cr.R. 210, 96 S.W. 29, this Court held that there was no variance where the indictment alleged "Sam McReynolds," and the proof showed that the injured party was known as "S. C. McReynolds."

VIII. Appellant contends that when the prosecution said, "We stipulate that there was resistance," this was tantamount to agreeing with appellant's entire testimony. We do not agree. The prosecutor was admitting that there had been a fight prior to the fatal stab wound.

Finding the evidence sufficient to sustain the conviction, and finding no reversible error, the judgment is affirmed.

---

1. The rule set out in the sole case which resulted in a reversal in appellant's brief is, therefore, not properly before this Court.