John Sylvia DEVEREAUX, Alias John
Sylvia Mitchell, Appellant,

v.

The STATE of Texas, Appellee.

No. 43953.

Court of Criminal Appeals of Texas.

June 29, 1971.

Rehearing Denied Nov. 2, 1971.

Second Rehearing Denied Dec. 21, 1971.

Bill Wilder, James B. Porter, Henderson, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, twelve (12) years.

Appellant's first ground of error is the failure of the Court to grant her application for change of venue. It appears that the motion for change of venue was filed in August, 1969; that three pre-trial hearings were set; and that one pre-trial hearing was held a few days in advance of the trial, in January, 1970. At no time prior to trial did appellant urge her motion for change of venue.[1] By a qualified bill of exception, the trial court certified that appellant announced ready for trial without any reservation, and that the voir dire of the jury commenced thereafter. At the conclusion of the voir dire examination, the State's attorney mentioned the motion for change of venue, in order to ascertain whether or not appellant still wished to urge her motion. Appellant said she did, but gave no indication that she wished to offer any evidence other than the affidavit

---

1. Such failure takes this case out of the rule expressed in Wall v. State, Tex. Cr.App., 417 S.W.2d 59, and cases there cited.

filed with the motion the previous August. The trial court denied the application, on the grounds that it was untimely urged.

We agree with the trial court that appellant waited too long to urge her motion; but, in light of the fact that a motion for change of venue has reached a constitutional dimension, we have carefully examined the record to see if it showed that a great deal of prejudice against the appellant did, in fact, exist. The only thing in the record which sheds any light on the issue is the voir dire examination of the jury.[2] Some of the veniremen stated that they had heard some mention of appellant's case or had read something about it in the newspapers. More than a year had elapsed between the time of the killing and the date of the trial, and there is no showing as to when any venireman may have heard or read about the appellant's case. The careful trial judge sustained all of appellant's challenges for cause.

In light of these facts, we can only conclude that the trial court did not err in overruling appellant's motion for change of venue.

█ Appellant's second ground of error is the court's failure to grant a mistrial[3] when the prosecutor told the venire, prior to examining them, that at the time of the killing appellant was less than seventeen years old, that the trial judge had certified her to be tried as an adult and that she was then indicted. Appellant cites no case holding this to be error and we know of none. Appellant contends that this statement gave the venire the impression that the Court had made an examination of the case and concluded that appellant should be tried for the offense. In this case, however, it is clear that he was only referring to the provision in Art. 2338–1, Vernon's Ann.Civ. St. which relates to the transfer of a ju-

venile from the juvenile court to be tried on adult criminal charges; therefore, while the statement perhaps should not have been made, it is apparent that the prosecutor was merely trying to explain the procedure by which the criminal court acquired jurisdiction over the appellant. Any prejudice caused by this statement could have been cured by an appropriate instruction by the trial court, but appellant requested no such instruction.

█ Appellant's third ground of error is that one unnamed juror failed to reveal certain personal experiences. We find that nothing at all in the record showing which juror she refers to or what she may have failed to reveal. We cannot accept as facts allegations in appellant's brief which are not supported by the record.

█ Appellant's fourth ground of error is that the court erred in not granting an instructed verdict because the State failed to prove cause of death. The testimony from various teachers and students at the school where the killing occurred established that the deceased and the appellant were both students, that they had had a fight at lunch-time, and that the deceased had inflicted some minor injuries on the appellant. Their testimony showed that, later that afternoon, between classes, the appellant came up to the deceased and cut her arm. A teacher and a student helped to support the deceased for a moment, then the girl grabbed her stomach and fell to the floor. A teacher then came up and examined her, found a wound in her stomach and formed the impression that the girl was unconscious. Dr. Willms testified that he examined the deceased and pronounced her dead upon arrival at the hospital. He observed a stab wound in the abdomen and two lacerations across the back of the hand and no other evidence of injury

2. The affidavit filed by appellant merely recites that so great a prejudice existed against the appellant that she could not obtain a fair and impartial trial in Cherokee County.

3. A motion for mistrial is not the proper remedy for a complaint of this nature. Appellant should have moved to quash the jury panel.

to the body. He testified further that there were vital organs in the area where she was stabbed and that it was a reasonable probability that the stab wound was the cause of death.

We quote from 4 Branch's Ann.P.C., Sec. 2025, at 336 (2d Ed. 1956):

"Though the wound was not probed, the result and effect thereof may be sufficiently manifested by the fact that, co-incident with its infliction, the deceased, who was up to that time in good health, immediately fell and died within a short time. Thompson v. State, 38 Crim. 335, 42 S.W. 974; Armstrong v. State, 50 Crim. 26, 96 S.W. 15; Scott v. State, 47 S.W. 531 (stating the law); Vela v. State, 62 Crim. 361, 137 S.W. 120; Hillman v. State, 126 Crim. 529, 72 S.W.2d 607; Gage v. State, 146 Crim. 305; 174 S.W.2d 491; Smith v. State, 147 Crim. 342, 180 S.W.2d 622 (stating general rules) . . . ."

■ Appellant's fifth ground of error is that the Court erred in not granting a motion for mistrial because of the testimony of two witnesses, the superintendent of schools and the sheriff, regarding a knife which was marked as State's Exhibit #1, but never introduced into evidence. The State called two boys, both students from the school where the killing took place. The first testified that he gave the knife to the second boy. The second boy testified that he gave the knife to appellant on the afternoon that the stabbing occurred. The schools' superintendent testified that he secured the knife from one of the teachers at the school, Mr. Davenport. (Davenport had been previously shown to have been one of the first persons to reach the deceased after she was stabbed). Finally, the sheriff testified that he got the knife from the schools' superintendent.

The identification of the knife by the two students was clearly proper. Their testimony established that the appellant had a knife in her possession on the afternoon of the stabbing. From this testimony, the jury could draw their own conclusion that this was the murder weapon. The testimony of the superintendent and the sheriff was, under these circumstances, harmless, if it was error.

■ Appellant's sixth ground of error is that the Court erred in not declaring a mistrial after the State was allowed to impeach the witness Ward. The State first called Miss Ward as a witness. Later, the appellant called her as a witness. Without deciding whose witness she was at this point, we note that the State merely questioned the witness on matters about which the appellant had questioned her. This ground of error is overruled.

■ Appellant next asserts that her motion for mistrial, made after the jury had retired for deliberation, should have been sustained. This motion relates to two portions of the State's closing argument wherein the prosecutor allegedly belittled the testimony of the psychologist called by the appellant in support of her defense of insanity.

The first argument complained of is as follows:

"Mr. Wilder [Defense Attorney] critized me for not calling him Doctor. * * * I reserve the word doctor for medical doctors and practitioners of medicine and psychiatry who probably would know more about what they were talking about in this case.

"Texas has passed a bill to license psychologist and for good reasons there needs to be some governing of that particular trade or art or whatever it is."

This argument, while generally derogative of pyschologists, does not inject a new and harmful fact into the case. Also, although we do not have the argument of appellant's counsel before us, it would appear that the above argument may have been invited. We note that the court sustained appellant's objection and instructed the jury to disregard such argument. Çom-

pare Watson v. State, 161 Tex.Cr.R. 5, 273 S.W.2d 879.

■ That next complained of is as follows:

"I think you probably learned from his testimony that this type of language that he used yesterday is designed to employ only for the purpose of making his lack of knowledge and for the purpose to cover up his inability to agree upon the basic, well established common sense fundamentals."

The Court instructed the prosecutor to reframe his statement, and he did so, indicating to the jury that he was merely asking them to use common sense in evaluating the testimony of the witness. We find no error in such argument.

There is no proof in the record to support appellant's grounds of error, eight, nine, ten, and eleven. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Appellant vigorously urges this court to reconsider her initial contention that the trial court erred in failing to grant her motion for change of venue drafted in accordance with Article 31.03, Vernon's Ann. C.C.P., and supported by the required affidavits and uncontroverted by the State. In light of the rule stated in 1 Branch's Ann.P.C., 2d ed., Sec. 312, p. 356, that where the State makes no answer to such motion the accused is entitled to a change of venue, we shall discuss such issue. See also Wall v. State, Tex.Cr.App., 417 S.W. 2d 59 and cases there cited.

The motion for change of venue was filed on August 4, 1969, and set for a hearing on October 13, 1969. The hearing appears to have been passed at appellant's request. It was reset for November 24, 1969, and again passed at the request of the appellant. The qualified bill of exception reflects that appellant's attorney indicated to the court the venue motion would not be pursued. Thereafter the appellant was given notice of a pretrial hearing as provided by Article 28.01, V.A.C.C.P., to be held on January 19, 1970. At such hearing it appears from the qualified bill of exception that the appellant presented only a motion in limine and announced ready for trial without reservation. The motion for change of venue was not presented to the court or called to its attention. On January 21, 1970, the appellant announced ready for trial without mention of said motion and began the voir dire examination of the jury panel.

It appears at the conclusion of the voir dire examination either the State's attorney or appellant's counsel mentioned the venue motion to the court, the record being in some conflict as to which one. The prosecutor did state that if the motion was to be considered he wanted time to controvert the same. The trial judge noted that the motion had not been presented to him at the pretrial hearing and that it was his understanding that the motion had been waived. He denied the motion as being untimely presented.

Article 28.01, V.A.C.C.P., provides in Section 1 that:

"* * * The pre-trial hearing shall be to determine any of the following matters:

"(1) * * *

"(7) Motions for change of venue by the State or the defendant; provided, however, that such motions for change of venue, if overruled at the pre-trial hearing, may be renewed by the State or the defendant during the voir dire examination of the jury; * * * *"

Section 2 of the statute provides that "any such preliminary matters not raised and filed within the time allowed will not thereafter be allowed to be raised or filed, except by permission of the Court for good cause shown. * * *"

Since the appellant did not present her motion for change of venue at the pretrial hearing and took no action to secure a ruling until after the conclusion of the voir dire examination, we remain convinced of the correctness of our opinion on original submission.

Appellant's motion for rehearing is overruled.