**Malcolm Mitchell DOODY, aka, Malcolm M. Doody, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47334, 47335.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Rehearing Denied Oct. 17, 1973.

Arch G. Adams, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Felder, John Hrncir & David K. Chapman, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

These are appeals from orders revoking probation.

On October 20, 1970, appellant entered pleas of guilty to two indictments charging him with theft of property of over the value of fifty dollars. On October 29, 1970, appellant was placed on probation and the imposition of sentence in both cases was suspended. The probationary period was to commence on October 20, 1970, and continue for four years. Thereafter, appellant's probation was revoked after a hearing held on October 26, 1972.

Counsel for appellant has filed an Anders v. California[1] type brief in which he urges one possible ground of error. Appellant urges the same ground in a pro se brief. He contends the trial court erred in failing to properly admonish appellant of the consequences of the admission of truth of the contents of the motions to revoke probation. Appellant cites no authority for this proposition. In effect, appellant contends he did not know he could be sent to the Department of Corrections as a result of the hearing on the motion to revoke probation.

In addition to noting that the word "probation" is in a measure self-explanatory, we note that the trial court, at the hearing to revoke probation, admonished appellant that he had an absolute right to remain silent, that he did not have to agree to anything, nor say, nor confess anything. He likewise admonished appellant that he had a right to confront the witnesses against him to see who they were, and hear what they had to say. Appellant acknowledged

1. 386 U.S. 738, 87 S.Ct. 1396, 13 L.Ed.2d 493.

that he understood this. Thus, we find no merit in appellant's contention.

In his pro se brief, appellant asserts other grounds of error. These are not supported by the record and present nothing for review. Devereaux v. State, Tex.Cr. App., 473 S.W.2d 525; Isaacs v. State, Tex.Cr.App., 403 S.W.2d 409; Creed v. State, Tex.Cr.App., 403 S.W.2d 129.

Finding no reversible error, the judgments are affirmed.