**Richard A. DICKHAUT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45763.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Richard Cross, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Dan McCairns, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of marihuana. The jury assessed punishment at nine years.

Appellant initially contends that his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 9 of the Constitution of the State of Texas, Vernon's Ann.St., were violated when the trial court admitted, over his objection, evidence seized by police officers at the time of his arrest. He argues that the trial court erred in not granting his motion to suppress certain evidence obtained by officers after a warrantless search of a van-type vehicle parked on the street in front of the apartment complex in which he resided.

On September 7, 1970, at approximately noon, Officer J. M. Schulte of the Village Police Department, received information by telephone from a previously reliable informer that three persons described by the informer only as "Dickhaut," "Paul," and "Bill" were selling narcotics out of the back of a van-type vehicle. Officer Schulte testified that the informer described the van by color and partial license number, gave its location as being parked at the intersection of M.A.S. and South Macgregor Drive, and gave him apartment number six as the address in an apartment complex near the intersection where he would find these persons. He was informed that they were going to be selling there for a while and then would move to some other location. Schulte also related

that after contacting the Narcotics Division of the Houston Police Department and arranging to meet Officers Smith and O'Brien of that division, he observed, with the aid of binoculars at a distance of some two hundred yards, four persons come out of the apartment building and proceed to the rear of the described van parked on the street. He further testified that the rear door of the van was opened and appellant took a brown paper sack from the van and handed it to another person. Three of the persons then left in a red Camaro automobile and appellant went back into the apartment complex.

During his observation of the above sequence of events, he was joined by Officers Smith and O'Brien who testified to basically the same events. After appellant went back into his apartment, the three officers then went to the van and looked between the partially opened curtains on the rear windows of the vehicle, observed a large plastic bag containing several small brown bags. Officer Schulte testified that he also spotted a plant-like substance in the plastic bag that appeared to be marihuana. Similar testimony was given by Officers Smith and O'Brien.

Then it is shown that the officers went to apartment number six and arrested appellant without a warrant. Officer O'Brien testified that he read appellant his rights under Miranda and appellant gave the officers permission to search the apartment. Finding no contraband in the apartment, Officer O'Brien asked appellant if he had the keys to the van parked out front. Without replying, appellant handed the keys to Officer O'Brien. The appellant testified that the officers took the keys from the top of a table in the apartment. The evidence shows that Officer Schulte remained in the apartment with appellant while Officers Smith and O'Brien searched the vehicle where they seized thirty-eight (38) pounds of marihuana.

■ Appellant relies heavily on his own testimony as well as that of Carl Johnson to the effect that the van was owned by Phillip LaVollier and could not be opened from the rear because the latch on the rear door had been broken for some time. The appellant also testified that one could not see into the interior of the van through the rear windows because wood panelling went from the floor to the ceiling of the vehicle and that such would obstruct any view of the interior. The jury is the judge of facts and they can accept or reject testimony as they choose. They may look to all the evidence in the case, that offered by the State as well as that offered by the appellant, in determining the facts and issues in the case. See Angle v. State, Tex.Cr.App., 486 S.W.2d 308.

■ ■ Appellant cannot now complain of the failure of the arresting officers to inform him of his right to refuse to consent to search in addition to the Miranda warning already given. See Clark v. State, Tex.Cr.App., 483 S.W.2d 465. Nor does the fact that appellant was under arrest when he consented to the search render the evidence inadmissible. Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572. See Barnett v. State, Tex.Cr.App., 447 S.W.2d 684. There is no claim that appellant gave his consent only in acquiescence to lawful authority. Cf. Paprskar v. State, Tex.Cr.App., 484 S.W.2d 731.

■ Assuming, arguendo, that appellant had not given his consent, the warrantless search would still be valid. Under the holdings of the United States Supreme Court in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, and this Court in Coyne v. State, Tex.Cr.App., 485 S.W.2d 917, and Gomez v. State, Tex.Cr.App., 470 S.W.2d 871, the search of the van was proper. The record shows that the officers had probable cause to believe that the vehicle contained contraband. Officer Schulte had information by a previously reliable informer which was corroborated when the described vehicle was found at the named location and named appellant was found in the apartment address given. Additionally, officers observed one transaction occur at the rear of the vehicle in the manner described by the informer. Also, when the officers went to the van after observing the transaction, Officer Schulte peered in through the rear windows and observed what he believed to be marihuana. Coupled with the information received from the previously reliable informer, the officers had probable cause sufficient to conduct a warrantless search of the vehicle, with or without appellant's consent.

Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, and Draper v. United States, supra, were construed by this Court in Harris v. State, Tex.Cr.App., 486 S.W.2d 88.

In that case, a reliable informer gave the Dallas police information that Harris would be in a certain described Cadillac and that he would have in his possession a quantity of drugs. The officers saw Harris arrive at the lounge in the described automobile. They arrested and searched him but found nothing. They then took him outside and searched the automobile and found the contraband. There this Court held that information was corroborated when Harris arrived at the specific time and place and that the police had probable cause to believe that he had drugs in his possession.

This Court distinguished the Harris case from Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

In the present case, the officers were informed that the marihuana would be in the vehicle and that it would be leaving for another location. The exigent circumstances are present in the instant case just as they were in the Harris case, supra.

The court did not err in admitting the evidence obtained as a result of the search.

Appellant's first ground of error is overruled.

█ Next, complaint is made of the trial court's refusal to approve appellant's formal bill of exceptions. Bills of exception do not have to be approved by the trial court. If an appellant timely files bills of exception with the clerk of the trial court, they are deemed approved unless the court qualifies or refuses them. Article 40.09, Section 6, Vernon's Ann.C.C.P. The bills were not timely filed. No error is shown, appellant's second ground of error is overruled.

In his third and fourth grounds of error appellant complains of jury misconduct. He alleges that the jury considered new evidence outside the record and that they had received incorrect information concerning punishment of the appellant.

█ He urges that some of the jury members argued in their deliberation that appellant was selling marihuana and that this amounts to receiving new evidence. The discussion that appellant might be selling the marihuana was a reasonable deduction from the evidence, surely a person would not possess approximately thirty-eight pounds of the marihuana for his own personal use.

█ As for his contention that it was error for the jury to discuss his possibility of parole, we hold that this was not error. He alleges that at some juncture during their deliberation, some of the jurors stated that appellant could be released if he behaved while in prison after the expiration of one-third of his sentence. We do not construe this statement to be an incorrect statement of the law, and therefore, not a ground for reversal. See Mandujano v. State, 170 Tex.Cr.R. 166, 339 S.W.2d 528.

No reversible error being shown, the judgment is affirmed.