Donald Ray HERRIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50117.

Court of Criminal Appeals of Texas.

July 9, 1975.

Donald F. McNiel, II, Stephenville, for appellant.

Bob Glasgow, Dist. Atty. and Quay Parker, Asst. Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The appellant [1] was tried jointly with co-defendant Paul William Jordan for the offense of aggravated robbery. Following the return of a guilty verdict, the jury assessed punishment at confinement for thirty-six (36) years in the Texas Department of Corrections.

The sufficiency of the evidence to support the conviction is not challenged.

The evidence adduced at trial reveals that at approximately 8:40 a. m. on February 12, 1974, the appellant and Jordan entered the

1. At the punishment phase of trial, the State introduced Federal Prison records from Texarkana which show that the appellant's name is Donald Ray Letson, a.k.a. Donald Ray Herrin. A fingerprint expert identified the fingerprints on the prison record of Letson as being identical to those of the appellant.

Lawson Jewelry Store in Stephenville and robbed at gunpoint the owner, F. W. Trammell, of approximately $12,000 worth of watches and rings and $50 cash. Trammell testified that the exhibition of pistols by the appellant and Jordan placed him in fear of death. Trammell also testified that he did not give consent to either the appellant or Jordan to enter his store and at gunpoint take his jewelry and money. Charlotte Keese, a hairdresser at a beauty shop located next to the jewelry store, was an eyewitness to the robbery.

In his lone ground of error the appellant contends that the trial court committed reversible error in denying him the opportunity to consult with counsel outside the presence of his guards and jailers, thereby denying him effective assistance of counsel. In support of his contention, the appellant refers this court to his timely filed formal bill of exception No. 1, which reads:

"Be it remembered, that prior to the arraignment and trial of the above entitled and numbered cause and while the Defendant was in the custody of The United States Marshal in and for the Northern District of Texas, the Defendant was transported to Stephenville, Texas on or about the 7th day of May, 1974, and the undersigned by telephone was notified of his impending appointment as counsel for Defendant and instructed to communicate with the Defendant at the Sheriff's office in the Erath County Courthouse; that the Deputy United States Marshals were preparing to take the Defendant to Fort Worth within the quarter hour and that the undersigned, if he was to communicate with the Defendant should make all haste to see him;

"Be it further remembered that the undersigned communicated with the Defendant for a period of time not exceeding fifteen minutes in the office of the Sheriff of Erath County, Texas, the Defendant being handcuffed and shackled during the conversation and the conversation taking place in the presence of a Deputy Sheriff of Erath County; two Deputy Marshals and a clerk employed in the Sheriff's office.

"Be it further remembered the Defendant was immediately taken to Fort Worth and was not returned to Erath County until the afternoon of May 23, 1974, again in the custody of two Deputy United States Marshals. The undersigned was given only a short time to confer with the Defendant, again at the office of the Sheriff of Erath County, Texas, and in the presence of the Deputy Marshals and Sheriff's personnel (at no time there being less than two present). Immediately after arraignment the Defendant was transported to Forth Worth, Texas.

"Be it further remembered that the undersigned requested the Court to issue a bench warrant ordering the Defendant brought to Erath County on Thursday, June 6, 1974, at which time a pre-trial hearing was set for a co-defendant in order that counsel might fully prepare for trial. Be it further remembered that the undersigned requested that Defendant be lodged in the Erath County Jail prior to trial in order that counsel would have an opportunity to and place in which to confer with Defendant.

"Be it further remembered that the Court refused to grant the undersigned's request and suggested that counsel travel to Fort Worth, Texas, if necessary to confer with the Defendant, to which the Defendant excepts.

"It is respectfully requested that the foregoing bill of exception be approved.

"/s/ Donald F. McNeil, II
Donald F. McNeil, II
Attorney for Defendant
P. O. Box 532
Stephenville, Texas 76401"

An examination of the record discloses that the trial court took no action with respect to the bill of exception within 100 days after notice of appeal was given.

Therefore, it is deemed approved since the trial court did not refuse or qualify it. Article 40.09, subd. 6(a), Vernon's Ann.C.C.P.; Dickhaut v. State, 493 S.W.2d 223 (Tex.Cr. App.1973).

 Assuming, without deciding, that a formal bill of exception can be utilized to cover all of the matters contained in appellant's bill of exception, see Articles 40.09, Sec. 6(a) and 36.20, Vernon's Ann.C.C.P.,[2] it must be remembered a bill of exception must be complete within itself and must stand or fall by its own allegations. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 195, p. 318. And every bill of exception must plainly show the error complained of. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 199, p. 327.

Even if all the things alleged in the bill of exception did in fact occur, these allegations do not in themselves show that the appellant was thereby deprived of effective assistance of counsel.

There is nothing in the bill or in the record before us to show that conferences on May 7 and 23, 1974, were the only conferences that counsel had with the appellant. There is no showing that counsel did not in fact travel to Fort Worth as suggested by the trial court,[3] and nothing to show how long counsel may have conferred with appellant after he was returned to Erath County for trial.[4]

Appellant announced "ready" for trial and filed no motion for continuance.

Appellant urges in his brief that he suffered injury because he was not granted an opportunity to plea bargain, discuss trial strategy or "investigative leads" with counsel and had to make a snap decision to plead "not guilty." These assertions are not supported by the bill of exception or the record. As noted earlier, assertions in an appellate brief not supported by the record will not be accepted as a fact. Devereaux v. State, 473 S.W.2d 525 (Tex.Cr.App.1971).

The judgment is affirmed.

2. See and cf. McCall v. State, 512 S.W.2d 334, 335 (Tex.Cr.App.1974). It should be kept in mind that if the trial judge had qualified the bill he would not have been able to qualify it as to matters contained therein which were not within his knowledge. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 184, pp. 303–304.

3. It appears that appellant was in custody of federal authorities and that the Erath County jail was not approved by federal authorities for confinement of federal prisoners and the closest approved jail was the Tarrant County jail in Fort Worth.

4. Appellant asserts in his brief that upon return to Erath County on June 10, 1974, his trial began immediately. It is well settled that this court will not accept as fact allegations contained in appellant's brief not supported by the record. Washington v. State, 500 S.W.2d 485 (Tex.Cr.App.1974); Devereaux v. State, 473 S.W.2d 525 (Tex.Cr.App. 1971).