**Isidro Olivarez GARCIA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00156–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 20, 1982.

Rehearing Denied March 24, 1982.

Discretionary Review Refused
June 16, 1982.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

This is an appeal from a burglary conviction. The facts of the offense are not in issue. The trial court found the enhancement allegations of the indictment to be true and assessed punishment at life imprisonment. We affirm.

Appellant presents three grounds of error. The first two assert that the trial court allowed the prosecutor to converse with the jury during its deliberations, and that the state failed to rebut the presumption of harm arising from the prosecutor's alleged intrusion into the jury room.

The only suggestion in the entire record that any such incident occurred is contained in a document styled "Bill of Exceptions," which was filed by the appellant pro se, after the trial court overruled the motion for new trial filed by appellant's attorney. In his bill of exceptions appellant alleges that his attorney told him at the jail, on the day the motion for new trial was filed by the attorney, that "a certain juror" had advised the attorney that the prosecutor entered the jury room while deliberations were in progress. The document states further that the attorney "did not go into details of what actually was said or took place during the unauthorized visit by the prosecutor," but advised appellant that he would obtain an affidavit from the juror and present it to the court.

The trial court did not approve, refuse, or qualify the bill of exceptions, and appellant contends that it must, therefore, be considered on appeal, citing *Herrin v. State*, 525 S.W.2d 27 (Tex.Cr.App.1975), and *Dickhaut v. State*, 493 S.W.2d 223 (Tex.Cr.App. 1973).

The purpose of a bill of exceptions is to have the record disclose some event or occurrence at the trial which reflects error, and not to make assertions concerning matters within one's own personal knowledge and not occurring during the course of trial. *McCall v. State*, 512 S.W.2d 334 (Tex.Cr. App.1974).

Appellant's bill of exceptions presented only the allegation that appellant had been told by his attorney the things alleged in the bill of exceptions. Whether or not the conversation between appellant and his attorney occurred was solely within the knowledge of those two persons, and not within the knowledge of the trial judge.[1] By the same token, what, if anything, was said by the unnamed juror to appellant's attorney was solely within the knowledge of those two persons. The bill of exceptions thus called upon the trial judge to approve,

---

1. When appellant's attorney requested in open court that appellant's pro se bill of exceptions be filed, he disavowed the statements attributed to him by appellant.

refuse or qualify a bill of exceptions as to matters which were not within his knowledge. See Herrin v. State, 525 S.W.2d 27, 29 n.2 (Tex.Cr.App.1975). It did not constitute an exception to any "decision, opinion, order or charge of the court," as contemplated by Tex.Code Crim.Pro.Ann. art. 36.20 (Vernon 1981), although its subject matter might have been appropriate for inclusion in a motion for new trial.

Assuming, without deciding, that this court must nevertheless consider the document in question an approved bill of exceptions, it is well established that a bill of exceptions must be complete within itself, that it must stand or fall by its own allegations, and that it must plainly show the error complained of. Herrin v. State, 525 S.W.2d 27 (Tex.Cr.App.1975).

■ Considered in light of those principles, appellant's bill of exceptions fails to support his position. The statements alleged to have been made to appellant by his attorney were obviously hearsay; even if we assume that appellant's attorney did make the statements attributed to him, and even if we assume further that "a certain juror" did tell the attorney that the prosecutor entered the jury room during jury deliberations, those unsubstantiated allegations, standing alone, do not establish that the alleged misconduct actually occurred. The rule in Texas is that hearsay, even if admitted without objection, has no probative value in a criminal trial. Alexander v. State, 587 S.W.2d 729, 721 (Tex.Cr.App. 1979); Bonds v. State, 573 S.W.2d 528, 533 (Tex.Cr.App.1978). Since appellant's bill of exceptions falls far short of establishing that the prosecutor actually had any unauthorized contact with the jury during deliberations, we need not decide whether an inference of harm would have arisen from such an occurrence. Appellant's grounds of error one and two are overruled.

Appellant asserts in his third ground of error that a prior conviction relied upon for enhancement was void because appellant, an indigent, had "no real assistance of counsel" in that case. Before trial, appellant filed a motion to dismiss the enhancement allegations of the indictment. The motion asserted that a 1965 felony conviction was void because appellant "was not afforded representation of counsel" even though he was indigent and "did not effectively waive appointment of counsel."

At the hearing on his motion, appellant testified that no attorney was appointed to represent him at the time of the prior conviction, even though he was too poor to hire an attorney. Appellant also testified that he did not remember waiving appointment of counsel. The State then introduced the judgment and sentence in the prior cause, which reflect that appellant was represented by counsel when he pleaded guilty and when he was sentenced. The trial court's docket sheet reflected that counsel was appointed on the same day appellant pleaded guilty. Upon further direct examination, appellant testified that nobody visited him in jail; that he did not recall the appointed attorney being present in the courtroom at the time he pleaded guilty; that "the adult probation people" advised him as to "papers" he signed on that day; that no one gave him a business card; and that he received no correspondence from any attorney. On further cross-examination, when appellant was asked whether the judgment was incorrect in reciting that he was represented by an attorney when he pleaded guilty, appellant responded, "I am not saying that that is not correct, I do not recall because I did not know who was my lawyer." When appellant was questioned about the truth of the similar recitation of representation in the sentence, he replied, "I don't really recall."

■ The only fair construction of the motion to dismiss the enhancement allegations is that it raised only the contention that counsel was not appointed for appellant even though he was indigent and did not waive his right to have counsel appointed. Appellant's testimony at the hearing on his motion focused on that same issue. The issue of "no real assistance of counsel," which we take to be synonymous with "ineffective assistance of counsel," was not raised in the trial court. Unless the ground

of error on appeal is the same as the objection at trial, nothing is presented for review. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979); *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979).

■ There was no other evidence that appellant was not afforded counsel in connection with the 1965 conviction. Where the prior judgment and sentence recite that appellant was represented by counsel, appellant's testimony to the contrary is insufficient, standing alone, to disprove the recitations in those documents. *Haines v. State*, 623 S.W.2d 367 (Tex.Cr.App.1981); *Chancy v. State*, 614 S.W.2d 446 (Tex.Cr.App.1981).

Appellant's third ground of error is overruled.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING EN BANC

MOTION DENIED WITHOUT OPINION

BUTTS, Justice, concurring.

In light of the record in this case, I believe the judgment is justified by *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) and *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1981), and accordingly, I concur.

To the original majority opinion delivered January 20, 1982, I would add, however, that a balancing of society's and the individual's interests would mean, in the proper case, that a Sixth Amendment claim of denial of effective assistance of counsel could be raised in this manner. Thus, I would conclude that a waiver of a valid claim of denial of effective assistance of counsel does not occur, and the mere passage of time fails to destroy that claim's viability.