11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charles
Edward Moore

Appellant

Vs.      
            Nos. 11-01-00259-CR
& 11-01-00260-CR 
--  Appeals from Dallas County

State of Texas

Appellee

 

Appellant
entered open guilty pleas to two charges of aggravated assault.  The punishment range for each charge was
enhanced to a first degree felony based on appellant=s previous felony conviction.  The trial court assessed appellant=s sentence at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of 30 years on each charge to run concurrently.  Appellant is pro se on appeal.  
He has filed 4 briefs containing approximately 21 issues on appeal. We
affirm.

  The indictment in Cause No. 11-01-00259-CR
alleged that appellant committed aggravated assault  on or about January 29, 2001, against a female victim by:  (1) 
using a deadly weapon, a tire tool, during the commission of the assault
and (2) by causing serious bodily injury to the victim by striking her with a
deadly weapon, a tire tool.   The
indictment in Cause No. 11-01-00260-CR alleged that appellant committed
aggravated assault  on or about February
2, 2001, against the same female victim by: 
(1)  using a deadly weapon, a
tire tool and a tire jack, during the commission of the assault and (2) by
causing serious bodily injury to the victim by striking her with a deadly
weapon, a tire tool and tire jack.   The
record reflects that the victim and appellant had been romantically involved
for some time prior to the two alleged incidents.








The
appellate record includes a pretrial hearing where appellant presented a motion
to the trial court seeking to defend himself pro se at trial.  The trial court granted appellant=s motion by discharging his court-appointed
public defender.  The case proceeded to
a bench trial approximately three weeks later based upon appellant=s waiver of his right to a jury trial.  Appellant became frustrated soon after the
trial commenced during the victim=s direct testimony.  After
unsuccessfully seeking a continuance and a mistrial, appellant announced to the
court that he would like to change his plea of not guilty to guilty.[1]   Appellant executed two judicial confessions
which tracked the exact language of each indictment in connection with his
guilty plea.  Both judicial confessions
were admitted into evidence.   Appellant
also pleaded true to the enhancement paragraphs of each indictment.  The trial court admonished appellant
extensively prior to accepting his plea of guilty.  The following dialogue occurred during this stage of the
proceedings:

[PROSECUTOR]:  [Appellant], you are saying that on February
2, 2001, and January 29, 2001, that you did intentionally and knowingly cause
bodily injury to [the victim] by striking her multiple times about her face and
her body with a tire tool or a tire jack, and that by doing that you did cause
serious bodily injury to her.  Is that
what you=re admitting to?

 

[APPELLANT]:  Yes, ma=am.

 

[PROSECUTOR]:  And you are also stipulating that a tire
tool or a tire jack, by using it in that manner, that is by striking a person
over the head and their body several times with it, that that is, in fact, a
deadly weapon capable of causing death or serious bodily injury to a person?

 

[APPELLANT]:  I don=t understand that question.

 

[PROSECUTOR]:  Are you stipulating that you=re guilty of each and every element to the
offense as set out in the indictment?

 

[APPELLANT]:  Yes, ma=am.  

 

The trial
court accepted appellant=s guilty plea.  The court
ascertained on the record that the State offered a plea agreement of a term of
imprisonment of 20 years and a fine of $2,000 for each charge.  Appellant rejected this offer and elected to
make an open plea to the court as to punishment.  It appears that appellant rejected the State=s offer in hopes of receiving deferred adjudication.  In addition to sentencing appellant to a
term of imprisonment of 30 years for each offense, the trial court also made an
affirmative finding regarding the use of a deadly weapon.








In Issue
No. 5, appellant attacks the legal sufficiency of the evidence supporting his
convictions.  Evidence is
legally sufficient when, viewed in the light most favorable to the prosecution,
it is sufficient to permit a rational trier of fact to find all the essential
elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  A defendant's judicial confession is adequate to find the
evidence legally sufficient to support his conviction.  Johnson v. State, 722 S.W.2d 417, 422
(Tex.Cr.App.1986), overruled in part on other grounds, McKenna v. State,
780 S.W.2d 797 (Tex.Cr.App.1989); see TEX. CODE CRIM. PRO. ANN. art. 1.15
(Vernon Supp. 2002).   Moreover, a
defendant's judicial admission of guilt will waive any complaint against the
legal sufficiency of the evidence. 
McGlothlin v. State, 896 S.W.2d 183, 186 (Tex.Cr.App.1995); Lasker v.
State, 573 S.W.2d 539, 543 (Tex.Cr.App.1978); 
Boothe v. State, 474 S.W.2d 219, 221 (Tex.Cr.App.1971). 

Appellant presents a recurring theme in his briefs that he
was only guilty of simple assault punishable as a misdemeanor as opposed to
aggravated assault punishable as a felony.  
Appellant focuses his legal sufficiency challenge on the two elements
which elevated his conduct to an aggravated assault.  He argues that there is no evidence that the tire tool and tire
jack were deadly weapons and that there is no evidence that the victim suffered
serious bodily injury.  Appellant=s argument
ignores the fact that he judicially admitted both orally and in writing the
deadly weapon and serious bodily injury elements.  Appellant=s fifth issue is overruled.  








Appellant
attacks the factual sufficiency of the evidence in Issue No. 6.   When reviewing the factual sufficiency of the
evidence, we review all the evidence but not in the light most favorable to the
prosecution.  Clewis v. State, 922
S.W.2d 126, 129 (Tex.Cr.App.1996); Reaves v. State, 970 S.W.2d 111, 116
(Tex.App. - Dallas 1998, no pet=n). 
We reverse only if: (1) the evidence in support of the verdict,
considered as standing alone, is factually too weak to support it or (2) the
verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Goodman v.
State, 66 S.W.3d 283, 285-86 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1,
7 (Tex.Cr.App.2000).  A decision is not
clearly wrong and unjust merely because the fact finder resolved conflicting
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 408
(Tex.Cr.App.1997).   By judicially
admitting his guilt, appellant waived any complaint against the factual
sufficiency of the evidence to support his conviction.   See Hoffman v. State, 922 S.W.2d 663, 672
(Tex.App.  - Waco 1996, pet=n ref=d).   Moreover, our review of the record
indicates that the evidence supporting appellant=s convictions is overwhelming.  Appellant=s sixth issue is overruled.

Appellant contends in his first issue that the trial court
erroneously admonished him concerning the applicable punishment range during
the hearing on appellant=s motion to proceed pro se.  The trial court asked several questions of
appellant during the hearing in an effort to assess his desire to represent
himself.  The trial court asked
appellant if he  knew that he was
charged with two counts of aggravated assault carrying a punishment range of 2
to 20 years.  Appellant contends that
the trial court provided him with erroneous information because the enhancement
paragraphs in each indictment increased the punishment range to that of a first
degree felony.  Appellant=s complaint is
without merit.  Prior to accepting
appellant=s guilty plea,
the trial court subsequently admonished him as follows: 

You understand the effect of the enhancement paragraph and
plea of true to the enhancement paragraph is that it increases the range of
punishment from a second degree felony range to a first degree range, which is
not less than 5 nor more than 99 years or life, a fine of up to $10,000.00 may
be assessed.  You understand the effect
of the enhancement paragraph?

 

Appellant
replied, AYes, ma=am, I do.@  Additionally, appellant executed written
plea agreements which advised him of the applicable punishment range.  Appellant=s Issue No. 1 is overruled.








Appellant asserts in his second issue that his guilty pleas
were involuntarily entered. He alleges two bases for this contention: (1) his
lack of knowledge of purported exculpatory evidence and (2) being misled as to
his eligibility for deferred adjudication. 
A guilty plea may be accepted by the trial court only when the defendant
is competent and the plea is free and voluntary. TEX. CODE CRIM. PRO. ANN. art.
26.13 (Vernon 1989 & Supp. 2002). A finding that a defendant was duly
admonished creates a prima facie showing that a guilty plea was entered
knowingly and voluntarily.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d
868 (Tex.Cr.App.1985).   A defendant may
still raise the claim that his plea was not voluntary;  however, the burden shifts to the defendant
to demonstrate that he did not fully understand the consequences of his plea
and that he suffered harm.  Martinez v.
State, supra at 197; Gibauitch, supra at 871.    In considering the voluntariness of a guilty plea, the court
should examine the record as a whole. 
Martinez v. State, supra at 197; Williams v. State, 522 S.W.2d 483, 485
(Tex.Cr.App.1975).   

We find that appellant has failed to meet his burden to
demonstrate that his pleas were not voluntary. 
The purported exculpatory evidence consisted of the victim=s medical
records which were filed in the cases prior to trial.  This evidence was, therefore, available for appellant=s review.  With respect to his eligibility for deferred
adjudication, appellant was not misled because he was eligible for deferred
adjudication.  Neither the range of
punishment nor appellant=s prior felony convictions precluded the
trial court from entering a judgment of deferred adjudication.  See TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5 (Vernon Supp.
2002); Cabezas v. State 848 S.W.2d 693 (Tex.Cr.App.1993).  Appellant=s second issue is overruled.








Appellant argues in his third and fourth issues that he was
sentenced to a term of imprisonment not authorized by law.  First, he re-urges the contention that he
was only guilty of simple assault which we have previously considered and
rejected.  Second, he argues that the
prior  felony alleged in the indictments
could not be used for enhancement because he was not represented by counsel and
because his plea to the prior felony was not voluntarily made.  A[U]ncounselled convictions cannot be used >against a person
either to support guilt or enhance punishment for another offense.=@  Parke v. Raley, 506 U.S. 20, 27
(1992)(citing Burgett v. Texas, 389 U.S. 109 (1967)).   To properly attack such a conviction, the burden is on the party
making the charge to show the conviction's invalidity in the record and
preserve the error for appeal. 
TEX.R.APP.P. 33.1; West v. State, 720 S.W.2d 511, 519 (Tex.Cr.App.1986),
cert. den=d, 481 U.S. 1072 (1987).  To meet this burden, the defendant must prove the invalidity of
the conviction by a preponderance of the evidence.   See United States v. Barlow, 17 F.3d 85, 89 (5th Cir.
1994).  In order to collaterally attack
the validity of his prior conviction on the basis of a denial of his right to
counsel, appellant must prove that he did not voluntarily, knowingly, and
intelligently waive his right to counsel. Williams v. State, 946 S.W.2d 886,
900 (Tex.App. - Waco 1997, no pet=n). 
AWhen prior
convictions are collaterally attacked, the judgments reflecting those
convictions are presumed to be regular, and the accused bears the burden of
defeating that presumption.@ 
Williams v. State, supra at 900; see also Jones v. State, 24 S.W.3d 540,
542-43 (Tex.App. - Fort Worth 2000, no pet=n).

With respect to appellant=s contention that he was not represented
by counsel for the prior felony, the judgment of conviction notes that he was
represented by counsel.  AWhere the prior
judgment and sentence recite that appellant was represented by counsel,
appellant's testimony to the contrary is insufficient, standing alone, to
disprove the recitations in those documents.@ 
Garcia v. State, 630 S.W.2d 727, 730 (Tex.App. -  San Antonio 1982, pet=n ref'd); see
also Disheroon v. State, 687 S.W.2d 332, 334 (Tex.Cr.App.1985).  The appellate record does not indicate that
the prior conviction was void.  Issues
Nos. 3 and 4 are overruled.

Appellant
asserts in his seventh issue that his convictions were based upon evidence
seized pursuant to an unlawful arrest. 
However, no evidence seized pursuant to his arrest was offered into
evidence.   A valid plea of guilty forfeits the right
to appeal a claim of error which does 
not contribute to or support the judgment of guilt.  Young v. State, 8 S.W.3d 656, 666-67
(Tex.Cr.App.2000).  Issue No. 7 is
overruled.  

Appellant asserts in Issue No. 8 that the State withheld exculpatory
evidence.  The evidence which appellant
contends the State withheld is a police report wherein the victim purportedly
stated that she had a gun during one of the assaults and that she was faking
her injuries.  In order to ensure the accused a fair trial,
the State has an affirmative duty under the due process clause of the
fourteenth amendment to turn over exculpatory or impeachment evidence favorable
to the defendant which is material either to guilt or to punishment.  Kyles v. Whitley, 514 U.S. 419 (1995);  United States v. Bagley, 473 U.S. 667
(1985);  Brady v. Maryland, 373 U.S. 83
(1963); see also Thomas v. State, 841 S.W.2d 399, 407 (Tex.Cr.App.1992).   Favorable evidence is Amaterial@ if there is a
reasonable probability (i.e. a probability sufficient to undermine confidence
in the outcome of trial) that, had the evidence been disclosed to the defense,
the result of the proceeding would have been different.  United States v. Bagley, supra at 682;
Thomas v. State, supra at 404.   Under
the standard Brady analysis, the issue is whether there is a reasonable
probability that, had the suppressed evidence been disclosed to the defense,
the outcome of the proceeding would have been different.  Thomas v. State, supra at 404.








The appellate record does not establish that the items cited
by appellant were withheld from him prior to trial.  Moreover, these items would not have changed the outcome of the
proceedings in light of appellant=s pleas of guilty.   Furthermore, the factual matters upon which
appellant relies were matters that were within his personal knowledge.  If he actually knows the facts which are
purportedly withheld, a defendant is not entitled to relief based upon the
State's failure to disclose the same facts. 
Wallace v. State, 458 S.W.2d 67, 70 (Tex.Cr.App.1970).  Issue No. 8 is overruled.

Appellant asserts that the State used perjurious testimony
with respect to Issue No. 9.   The State
is not allowed to use perjured testimony to obtain a conviction.  Losada v. State, 721 S.W.2d 305, 311
(Tex.Cr.App.1986).   Moreover, the
prosecutor=s knowing use of
perjured testimony violates the due process clause of the fourteenth amendment
to the United States Constitution.  Ex
parte Castellano, 863 S.W.2d 476, 479 (Tex.Cr.App.1993).    The testimony which appellant asserts is
perjurious consists of his factual disagreements with evidence of the victim=s medical
condition offered during the punishment phase of the trial.   Disagreements in testimony do not
constitute the use of perjured testimony. 
Tucker v. State, 15 S.W.3d 229, 234 (Tex.App. - Houston [14th Dist.]
2000, pet=n ref'd).  Issue No. 9 is overruled.

Appellant alleges in his tenth issue that the indictments
were invalid or defective.  However, it
does not appear that a motion to challenge the indictments was filed prior to
trial.   If he does not object to a
defect, error, or irregularity of form or substance in an indictment before the
date on which the trial on the merits commences, a defendant waives the right
to object to the defect on appeal.  See
TEX. CODE CRIM. PRO. ANN. art. 1.14(b) (Vernon Supp. 2002); Duron v. State, 915
S.W.2d 920, 921 (Tex.App. - Houston [1st Dist.] 1996), aff'd, 956 S.W.2d
547 (Tex.Cr.App.1997).  Issue No. 10 is
overruled.








Appellant contends that the prosecutor made improper comments
in his eleventh issue.  The alleged
improper comments were made by the prosecutor concerning appellant=s possession of
a gun during the commission of a prior felony. 
Appellant does not cite to the portion of the reporter=s record where
the improper comments were made.  The
record does reflect that the prosecutor asked appellant if he possessed a gun
during a previous burglary which appellant denied.  Appellant=s complaint of an improper comment,
therefore, involves a factual disagreement. 
Issue No. 11 is overruled.

Issues Nos. 12, 15, and 16 complain of inadmissible evidence
being offered during the punishment phase. 
Our review of the appellate record indicates that no objection was made
to the admission of the items which appellant challenges.   To preserve a
complaint for appellate review, a party must make a timely request, objection,
or motion to the trial court stating the grounds for the ruling he desires the
court to make.  See Rule 33.1(a);
TEX.R.EVID. 103(a)(1).  Issues Nos. 12,
15, 16 are overruled.

Appellant alleges that the trial court abused its discretion
in denying his motion for continuance in Issue No. 13.  Abuse of discretion is shown only when Athe trial court=s ruling lies
outside the >zone of
reasonable disagreement.=@ 
Watson v. State, 974 S.W.2d 763, 765 (Tex.App. - San Antonio 1998, no
pet=n)(quoting
Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991).  Appellant presented an oral motion for
continuance during the direct testimony of the State=s first
witness.  Appellant contends that a
continuance was warranted because he did not have any witnesses present to
testify in his behalf and because he was caught by surprise because of letters
which were introduced and a change in the victim=s testimony.[2]  With respect to the absence of witnesses,
appellant does not identify the witnesses he would have called or the testimony
they would have provided.  Moreover, the
trial court specifically instructed appellant that a continuance would not be
granted for the absence of any witnesses who had not been subpoenaed.  The trial court further warned appellant
extensively prior to trial of the dangers of representing himself.  We find that the trial court did not abuse
its discretion in denying appellant=s motion for continuance.  Issue No. 13 is overruled.








Appellant contends that he was tricked out of a jury trial in
Issue No. 14.  Appellant contends that
he was tricked because he thought that all charges were ultimately going to be
dismissed.[3]  Appellant asserts that he would not have
waived a trial by jury had he known that his case was actually going to be
tried.  Appellant and his attorney
executed written waivers of his right to a jury trial which were approved by
the trial court in compliance with TEX. CODE CRIM. PRO. ANN. art. 1.13 (Vernon
Supp. 2002).  The reason cited by
appellant is not relevant to his decision of selecting between a jury trial and
a bench trial.  Issue No. 14 is
overruled.  

Issue No. 17 constitutes a rehashing of appellant=s attack of the
validity of the prior felony which was used for enhancement purposes.  We have previously rejected this complaint in
overruling Issues Nos. 3 and 4.  Issue
No. 17 is overruled as well.  








Issue No. 18 appears to set out a claim of ineffective
assistance of counsel based on trial counsel=s failure to object to evidence offered
during the punishment phase.  In
reviewing a claim of ineffective assistance of counsel, we must apply an
objective standard of reasonableness.  
A defendant making a claim of ineffective assistance of counsel must
show that:  (1) counsel was deficient
and (2) there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999);
Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App.1986).  A claim of ineffective assistance of counsel must be determined
on the particular facts and circumstances of each individual case.  See Jimenez v. State, 804 S.W.2d 334, 338
(Tex.App. - San Antonio 1991, pet=n ref=d). 
Isolated instances in the record reflecting errors of omission or
commission do not render counsel=s performance deficient.  McFarland v. State, 845 S.W.2d 824, 843
(Tex.Cr.App.1992), cert. den=d, 508 U.S. 963
(1993).  Whether the Strickland
test has been met is to be judged by the totality of the representation.  McFarland v. State, supra.   There is a strong presumption that counsel
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment. 
Strickland v. Washington, supra at 689; Stafford v. State, 813 S.W.2d
503, 506 (Tex.Cr.App.1991).  Stated
another way, Acompetence is
presumed and appellant must rebut this presumption by proving that his attorney=s representation
was unreasonable under prevailing professional norms and that the challenged
action was not sound trial strategy.@ 
Stafford v. State, supra at 506. 


Appellant has the burden of proving ineffective assistance of
counsel by a preponderance of the evidence. See Moore v. State, 694 S.W.2d 528,
531 (Tex.Cr.App.1985).  Allegations of
ineffective assistance of counsel will be sustained only if they are firmly
founded.  See Jimenez v. State, supra at
338. However, while a defendant must overcome the presumption that the
complained of errors are supported by trial strategy, counsel=s conduct will
not be supported by the presumption of competence where counsel=s actions cannot
be attributed to any reasonable trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App.1994).

The appellate record before us does not demonstrate that
appellant=s trial counsel
rendered 

ineffective
assistance of counsel.  Many of
appellant=s complaints
regarding trial counsel involve the admission of evidence of extraneous
offenses and other acts.   Appellant
contends that trial counsel should have objected to this evidence on the basis
that the State failed to comply with TEX. CODE CRIM. PRO. ANN. art. 37.07
(Vernon 1981 & Supp. 2002) by not disclosing its intent to use the
evidence.  The State filed notice of its
intent to use 17 adjudicated offenses and 7 unadjudicated crimes purportedly
committed by appellant.  Moreover, the
trial court has broad discretion in determining the admissibility of evidence
at the punishment phase. Cooks v. State, 844 S.W.2d 697, 735 (Tex.Cr.App.1992),
cert. den=d, 509 U.S. 927 (1993).   Evidence as to any matter may be offered during the punishment
phase if the court deems it relevant to sentencing, including but not limited
to the prior criminal record of the defendant, his general reputation, his character,
an opinion regarding his character, the circumstances of the offense for which
he is being tried, and any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act. Article 37.07, section 3(a).  
Counsel cannot be held ineffective for failing to object to admissible
evidence.  See Yzaguirre v. State, 957
S.W.2d 38, 39 (Tex.Cr.App.1997).  Issue No. 18 is overruled.








Appellant
asserts in Issue No. 20 that he was denied due process.[4]  This issue is a re-urging of appellant=s previous issues.  Accordingly, Issue No. 20 is overruled.  Appellant proclaims Aactual innocence@ in Issue No. 21.  This
appellate issue consists of a repetition of appellant=s complaints concerning the sufficiency of
the evidence.  Issue No. 21 is
overruled.  Appellant=s third brief contains an unnumbered
appellate issue which we will designate as Issue No. 22.  This issue is identical to Issue No. 6 in
that it attacks the factual sufficiency of the evidence supporting appellant=s convictions.  Issue No. 22 is overruled. 


The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

July 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Despite proceeding pro se at trial, appellant=s previous attorney attended the trial and informally
consulted with appellant during the proceedings.   The attorney was reinstated as appellant=s attorney of record at the time appellant entered his
guilty plea.





     [2]Appellant wrote several
letters to the victim (his girlfriend) prior to trial.  These letters detailed an elaborate scheme
whereby the victim would commit perjury by denying that appellant was her
assailant at trial so that appellant could prosecute a civil action against the
State and the City of Dallas for false arrest and racial discrimination.   The letters also encouraged the victim to
make false claims of sexual assault against jail guards in order to seek compensation.   The change in testimony to which appellant
refers is essentially the victim=s refusal to
carry out appellant=s perjury scheme.





     [3]See Footnote No. 2.





     [4]Appellant=s
first brief ends with Issue No. 18.  His
second brief begins with Issue No. 20.