

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00023-CR

---

MARK LUCIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A-4497-13-06, Honorable Robert W. Kinkaid Jr., Presiding

---

February 18, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Mark Lucio, was convicted of possession of a controlled substance, methamphetamine, in an amount of less than one gram,[1] in a drug free zone.[2] Punishment was enhanced by proof of a prior felony conviction.[3] Appellant was

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010)

[2] *See id.* § 491.134(d) (West 2011)

[3] *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2013)

sentenced to serve five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant gave notice of appeal. We will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744–45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw, and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

By his *Anders* brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Appellant has filed a *pro se* response, in which he has raised three issues. Appellant's response contends that the evidence was insufficient to sustain the conviction, that the State used perjured testimony to gain a conviction, and that the State struck prospective jurors based upon their race. We will address each contention in turn.

Regarding appellant's contention that the evidence was insufficient to support the conviction, appellant contends that the State's evidence did not demonstrate any links to the drugs and him. This, according to appellant, is fatal to the State's case. We review the question of sufficiency under the tenets of *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), and *Brooks v. State,* 323 S.W3d 893, 912 (Tex. Crim. App. 2010). Thus, our question is, when the evidence is considered in the light most favorable to the verdict, was a jury rationally justified in finding appellant guilty. *See Jackson,* 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. The record reveals that the officer testified that he personally observed appellant, who was alone in the vehicle in front of the officer, toss a packet out of the driver's side window. Thus, there is no need to establish additional affirmative links between appellant and the drugs. *See Poindexter v. State,* 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005). Accordingly, we find that the evidence was sufficient to support the jury's verdict.

Appellant next contends that the State used perjured testimony to support appellant's conviction. In so doing, appellant points his allegation to the testimony of the primary arresting officer. Our review of the record does not support appellant's allegations. First, appellant misstates the officer's testimony regarding how the arrest occurred. Appellant's contention is that the officer lied about having previously dealt

3

with appellant prior to the occasion in question. However, the record before us contains only the officer's testimony that he had previously dealt with appellant. Nothing in the record supports appellant's contention that the statement was not truthful. Next, appellant contends that the officer lied when he testified in punishment that he had not dealt with appellant since the incident in question. Appellant asserts that the officer in question arrested him on two occasions since the incident in question. To prove this matter, appellant directs the Court to the records of the Swisher County jail. However, these records, if they do exist, are not part of this trial record. Again, nothing in the record supports appellant's contention. *See Herrin v. State*, 525 S.W.2d 27, 29 (Tex. Crim. App. 1975) (holding that assertions in an appellate brief not supported by the record will not be accepted as a fact). Appellant's issue is without merit and overruled.

Finally, appellant contends that the State impermissibly exercised two peremptory challenges of prospective jurors based upon the race of those jurors. Specifically, appellant contends that the State's striking of jurors Mary Ann Powell and Morris Williams was done because they were African American. The record reflects that appellant's trial counsel made a *Batson* challenge because of the State's use of its peremptory challenges to those two specific jurors. *See Batson v. Kentucky,* 476 U.S. 9,89, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). The record reveals that, following appellant's trial counsel's objection to the State's use of peremptory challenges to the two mentioned jurors, the trial court called upon the State's attorney to give his reasons for striking each of the two jurors. After listening to the race-neutral explanation for the strikes, the trial court asked appellant's counsel if she had anything further to add to her argument. Trial counsel said she did not and the trial court proceeded to overrule her

4

*Batson* challenge. We have reviewed the entire voir dire record independently and have arrived at the conclusion that the race-neutral reasons given by the State's attorney for exercising his strikes is supported in that record. Accordingly, we cannot say that the trial court's ruling was clearly erroneous. *See Nieto v. State,* 365 S.W.3d 673, 676 (Tex. Crim. App. 2012) (citing *Snyder v. Louisiana,* 552 U.S. 472, 477, 128 S. Ct. 1203, 170 L. Ed. 2d 175 (2008)). Appellant's contention is overruled.

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.[4]

Mackey K. Hancock
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.